IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEN ALAN RAGER,         ) | |
|     Plaintiff             ) | |
|                              ) | C.A. No. 06-290 Erie |
| v.                            ) | District Judge McLaughlin |
|                              ) | Magistrate Judge Baxter |
| JAMES CARBONE, et al.,  ) | |
|     Defendants.         ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d) and that Plaintiff's request for leave to proceed *in forma pauperis* [Document # 2] be dismissed as moot.

**II.     REPORT**

Plaintiff Ben Alan Rager, presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania, brings this action *pro se,* pursuant to 42 U.S.C. § 1983, against Defendants James Carbone, Assistant District Attorney; Jason Lewis, Esquire; and Judge William White.  In his complaint, Plaintiff sets forth the following claims:

        1.      "James Carbone false testimonial on my case."

        2.      "All didn't follow speedy trial laws '702B'"

        3.      "And my lower [sic] didn't file on it."

(Document # 1, Complaint, at Section IV).  As relief, Plaintiff requests ". . . relief of my sentence," "... reimburse[ment] for time lost in jail," and "all get in truble [sic] for this what they did in my case." (Document # 1, Complaint, at Section V).[1]  In addition to his complaint,

---

[1] The relief Plaintiff seeks is inappropriate for a civil rights action.  Plaintiff is challenging the fact of his confinement, a matter which is more properly suited for habeas corpus relief.  A prisoner may seek federal habeas

1

Plaintiff has filed a motion to proceed *in forma pauperis*. [Document # 2].

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statue not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), *quoting* Conley, 355 U.S. at 45-46. If the court can reasonably read pleadings to

---

relief if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982). A petitioner must allege a deprivation of federal rights before habeas relief may be granted. Engle v. Isaac, 456 U.S. 107 (1982). A federal court may examine the proceedings in the state court to determine if there has been a violation of federal constitutional standards. Barefoot v. Estelle, 463 U.S. 880 (1983).

state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines. Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). *See, e.g.*, Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

### A.     Defendant James Carbone, Assistant District Attorney

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or

for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendant Carbone are judicial in nature. As a result, Defendant Carbone is immune from liability under the doctrine of absolute prosecutorial immunity and the claims against him must be dismissed.

     **B.     Defendant Jason Lewis, Esquire**

Defendant Lewis was Plaintiff's trial attorney. In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys acting on behalf of their clients are not state actors. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D. Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court).[2] However private attorneys "are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D. Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984).

As a general matter, § 1983 claims need not be pled with any greater particularity than any other claims. See Federal Rules of Civil Procedure 8. However, conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action... The pleadings standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as is the state court

---

[2] Plaintiff may be attempting to set forth either a malpractice or an ineffective assistance of counsel claim. Such claims are not proper § 1983 claims. *See generally* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Strackhouse, 920 F.2d 1135 (3d Cir. 1990) (section 1983 is designed to address Constitutional deprivations, not torts).

judge and prosecutor in the instant case." Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994). "While the pleading standard under [Federal Rules of Civil Procedure] 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." Johnson v. Kafrissen, 1995 WL 355289, *2 (E.D. Pa. 1995). *See also* Wells v. Biehn, 1995 WL 118223 (E.D. Pa. 1995) (dismissing as frivolous, pursuant to 28 U.S.C. § 1915(d), claims against judges, county solicitors, and public defenders). As pled, Plaintiff's allegations do not support a cognizable claim against Defendant Lewis under 42 U.S.C. § 1983.

### C.     Defendant Judge William White

Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). As to Plaintiff's claim for compensatory damages against him, Judge White is absolutely immune. Judicial immunity is not a bar to prospective injunctive relief. Pulliam v. Allen, 466 U.S. 349 (1978). However, the threat of injury must be both "real and immediate," not "conjectural" or "hypothetical" to satisfy the case or controversy requirement of Article III of the U.S. Constitution. Los Angles v. Lyons, 461 U.S. 95, 101-02. Here, Plaintiff has failed to set forth any basis for prospective injunctive relief against Judge White.

## III.    CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d) and Plaintiff's motion for leave to proceed *in forma pauperis* [Document # 2] should be dismissed as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of

service to file objections to this Report and Recommendation.

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: January 3, 2007

cc:   The Honorable Sean J. McLaughlin
      United States District Judge